UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM SNIADECKI,

Plaintiff,

v.

CAUSE NO. 3:25-cv-804 DRL

ST. JOSEPHY COUNTY PUBLIC
LIBRARY *et al.*

Defendants.

OPINION AND ORDER

William Sniadecki filed a *pro se* complaint and an *ex parte* motion for a temporary restraining order seeking relief from alleged constitutional violations stemming from his purported appointment to the St. Joseph County Public Library Board. He sues the St. Joseph County Public Library, Board Director Stephanie Murphy, Board Secretary Alan Feldbaum, and Board Trustees Christine Poechert-Ringle, Terry Rensberger, Marvin Curtis, Rhonda Richards, and Ruth Warren, all in their individual and official capacities. He alleges the defendants are interfering with his lawful appointment to the board and cites the First and Fourteenth Amendments. He also brings a civil conspiracy claim. He requests a temporary restraining order to prohibit the defendants from voting on the 2026 library budget until he is lawfully seated on the board. He moves to proceed *in forma pauperis*.

The court construes Ms. Sniadecki's *pro se* pleading liberally and takes all well-pleaded allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though *pro se* litigants are not held to the same standards as attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not exempt from the rules of civil procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). A

complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

According to his complaint, Mr. Sniadecki was lawfully appointed to the St. Joseph County Public Library Board [1 ¶ 6]. But he was allegedly blocked from assuming the seat by the defendants after they passed a unanimous resolution to prevent him from doing so [*id.* ¶ 10]. He says the resolution contained fraudulent statements [*id.*]. According to Mr. Sniadecki, the seat to which he was rightfully appointed is being occupied by Ruth Warren [4-1 at 13]. He seeks judicial intervention to prevent the board from adopting the 2026 budget without his participation, a declaration that the defendants violated his constitutional rights, recognition of him as an appointed member, and monetary damages [1 at 3; 3; 4; 5; 6].

First, Mr. Sniadecki cites the Fourteenth Amendment for both due process and equal protections claims. He alleges a deprivation of his liberty and property interests in serving on the board without due process [1 ¶ 14]. The procedural protections of the Fourteenth Amendment apply "only to deprivations of life, liberty, and property." *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017); *see Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972) (noting that "whether due process requirements apply in the first place" depends on whether an "interest is within the Fourteenth Amendment's protection of liberty and property"). To proceed under the Fourteenth Amendment, and assuming the library qualifies as a state actor, he must show: "(1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan*, 485 F.3d

934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)). First, the court must determine whether the state affords him due process for an alleged violation; if so, there is no due process violation, and thus no constitutional violation on which to base a claim. *Albright v. Oliver*, 510 U.S. 266, 285 (1994) (Kennedy, J., concurring) ("[W]here an injury has been caused not by a state law, policy, or procedure, but by a random and unauthorized act that can be remedied by state law, there is no basis for intervention under § 1983."); *see Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("the existence of a malicious prosecution cause of action under state law *knocks out* any constitutional tort of malicious prosecution, because, when a state-law remedy exists . . . due process of law is afforded by the opportunity to pursue a claim in state court.") (quotation omitted) (emphasis in original).

Indiana provides due process, as "[*q*]*uo warranto* is the proper remedy for determination of the right of a party to hold office." *City of Gary v. Johnson*, 621 N.E.2d 650, 652 (Ind. Ct. App. 1993); *Turner v. City of Evansville*, 740 N.E.2d 860, 863 n.2 (Ind. 2001) ("A proper challenge to an office is made by filing a *quo warranto* action."); *Lake Cnty. Sheriff's Merit Bd. v. Buncich*, 869 N.E.2d 482, 484 (Ind. Ct. App. 2007) ("*Quo warranto* means 'by what authority' or 'by what warrant.'"); *see City of Bloomington v. Guenther*, 188 N.E.3d 911, 912-15 (Ind. Ct. App. 2022) (*quo warranto* proper mechanism to challenge the right of an individual to hold a seat on a board composed of appointed members). The action is governed by statute and provides that an information may be filed against any person or corporation who "usurps, intrudes into, or unlawfully holds or exercises a public office." Ind. Code § 34-17-1-1. An individual filing such an action "must demonstrate a personal interest distinct from that of the general public, which interest must be in the right or title to the office." *City of Gary*, 621 N.E.2d at 652. Here, Mr. Sniadecki alleges the

board seat to which he was appointed is being improperly held by another person, and that others are interfering with his right to be seated on the board. Because Mr. Sniadecki's due process claim challenges who is lawfully entitled to occupy the board seat, it falls within the scope of a *quo warranto* proceeding, and he can't proceed on a constitutional theory.

Mr. Sniadecki also alleges the defendants "selectively enforced appointment procedures," denying him equal protection [1 ¶ 15]. "To show a violation of the Equal Protection Clause, [he] must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Illinois State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001). "To prove discriminatory effect, the plaintiffs are required to show that they are members of a protected class, that they are otherwise similarly situated to members of the unprotected class, and that plaintiffs were treated differently from members of the unprotected class." *Id.* "Discriminatory purpose implies more than intent as awareness of consequences. It implies that the decisionmaker selected or reaffirmed a particular course of action at least in part because of its adverse effects upon an identifiable group." *Id.* at 645.

Of course, for now, Mr. Sniadecki need only plausibly plead this, not prove it. But he doesn't allege facts supporting he was denied equal protection of the laws. He doesn't assert he was "treated [] differently than other persons similarly situated for an illegitimate or irrational reason." *Monarch Bev. Co. v. Cook*, 861 F.3d 678, 682 (7th Cir. 2017) (using examples like selective enforcement of criminal law or selective withholding of government benefits or services and noting that if "the plaintiff can't identify a similarly situated person or group for comparison purposes, it's normally unnecessary to take the analysis any further; the claim simply fails."). Nor does he identify a membership in a protected class, a comparator, or allege discriminatory effort

or purpose, or any facts that would plausibly suggest such things. His mere use of the phrase "selectively enforced appointment procedures" without elaboration is a conclusory assertion, not a factual allegation supporting a plausible claim. *See Iqbal*, 556 U.S. at 678.

Second, Mr. Sniadecki asserts a First Amendment retaliation claim. He must sufficiently allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Whitfield v. Spiller*, 76 F.4th 698, 707–08 (7th Cir. 2023) (citation omitted). The third factor requires some "causal link between the activity and the unlawful retaliation." *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020).

Mr. Sniadecki alleges the defendants retaliated against him for "exercising rights to petition and access public information" [1 at 2]. But his complaint identifies no petitioning activity or request for information, nor does he allege any facts connecting any such activity to the board's alleged refusal to seat him. From the information provided, the court can't plausibly infer Mr. Sniadecki engaged in a protected activity or that any defendant acted with a retaliatory motive. *See Martin v. Ind.*, 2013 U.S. Dist. LEXIS 45418, 12 (N.D. Ind. Mar. 29, 2013) ("a complaint which makes no factual allegations against a defendant does not give that defendant fair notice what the claim is; neither does it suggest any plausible basis for granting relief.").

Third, Mr. Sniadecki alleges a § 1983 civil conspiracy claim. He merely says the defendants "conspired to interfere with [his appointment], depriving him of constitutional rights" [1 ¶ 17]. This claim can't proceed on his pleading because he hasn't plausibly alleged a constitutional violation. *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent

basis of liability in [] § 1983 actions."); *see also Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000) ("jury's conclusion that [the plaintiff] suffered no constitutional injury thus forecloses relief on the conspiracy claim").

Mr. Sniadecki requests an *ex parte* temporary restraining order and preliminary injunction to prevent the board from voting on the library's 2026 budget on October 20, 2025. An *ex parte* temporary restraining order may be entered only without prior notice when "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Mr. Sniadecki does not have an attorney, so no attorney certification was filed, nor does he indicate any efforts to effectuate notice—instead providing reasons he thinks notice shouldn't be required.

Procedural shortcomings aside, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). For the reasons discussed, Mr. Sniadecki's complaint doesn't state a claim—thus he hasn't shown a likelihood of success on the merits.

Given that he is proceeding *pro se*, the court will give Mr. Sniadecki an opportunity to file an amended complaint consistent with this order. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). He must establish that his case falls within the limited jurisdiction of this court and provide as many facts as to what has transpired, such as: the harm, who caused the

harm, how they caused the harm, when they caused the harm, and the like. There must be sufficient facts pleaded to allow the court and the defendants to understand there are plausible claims. The court recommends Mr. Sniadecki use the court's form available on its website.

Accordingly, the court DENIES Mr. Sniadecki's motion to proceed *in forma pauperis* without prejudice [2] and DENIES his request for an *ex parte* temporary restraining order and preliminary injunction [3; 4]. The court AFFORDS him leave to amend his complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by November 10, 2025, and CAUTIONS him that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of his case without further notice because his current complaint doesn't state a claim.

SO ORDERED.

October 23, 2025                                    *s/ Damon R. Leichty*
                                                                  Judge, United States District Court